IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE FARM LIFE INSURANCE COMPANY :
:
:
v. : Civil Action No. DKC 18-3078
:
DAVID WILLIAM ECKERT, et al. :
:

**MEMORANDUM OPINION**

Presently pending in this interpleader action are: (1) a motion for entry of default judgment and release of funds filed by Defendant David William Eckert ("Defendant David Eckert") (ECF No. 15); and (2) a motion for order of interpleader, attorney's fees and costs, discharge from further liability, and permanent injunction filed by Plaintiff State Farm Life Insurance Company ("Plaintiff") (ECF No. 16). The issues are briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the motions will be denied without prejudice.

**I. Factual Background**

In September 2012, Plaintiff issued a life annuity policy of insurance ("the Policy") to Lorraine Mary Eckert ("Decedent"). (ECF No. 1 ¶ 6). The Policy provided lifetime annuity payments to Decedent and, upon Decedent's death, a cash refund benefit to the designated beneficiaries. (*Id.* ¶ 8).

Decedent designated her sons, Defendant David Eckert and John David Eckert ("Defendant John Eckert"), as primary beneficiaries to receive one-third of the cash refund benefit each.[1] (*Id.* ¶¶ 7-11). In September 2014, Decedent signed a Change of Beneficiary form designating Defendant David Eckert to receive two-thirds of the cash refund benefit and removing Defendant John Eckert as a designated beneficiary. (*Id.* ¶ 12).

In December 2017, Decedent died. (*Id.* ¶ 13). Defendant David Eckert made a claim under the Policy, and Defendant John Eckert contacted Plaintiff to contest the September 2014 change of beneficiary. (*Id.* ¶¶ 14-15). Defendant John Eckert alleged that Decedent was not mentally competent to make the change of beneficiary and that Defendant David Eckert exerted undue influence upon Decedent; Defendant David Eckert denied both allegations. (*Id.* ¶¶ 15-16). Plaintiff paid the primary beneficiaries under the Policy for the uncontested portion of the benefit, but the remaining third of the cash refund benefit is still in dispute. (*Id.* ¶ 22).

---

[1] Decedent also designated her grandchildren, Patrick Joseph Devlin, Jr., Matthew David Devlin, and Christopher Bernard Devlin, as primary beneficiaries. (ECF No. 1 ¶ 7). The Policy initially designated Defendant David Eckert to receive 33.33% of the cash refund, Defendant John Eckert to receive 33.33% of the cash refund, and each of her grandchildren to receive 11.11% of the cash refund. (*Id.* ¶ 10). When Plaintiff "realized that the designated primary beneficiary amounts did not total 100%[,] Decedent signed a Change of Beneficiary form. . . designating [Defendant] David Eckert to receive 33.34% and [Defendant] John Eckert to receive[] 33.33%." (*Id.* ¶ 11).

2

**II. Procedural Background**

On October 5, 2018, Plaintiff filed this rule interpleader action to resolve competing claims over amounts payable under the Policy. (ECF No. 1). The complaint names Defendant David Eckert and Defendant John Eckert as defendants. (*Id.* ¶ 7). Plaintiff moved for permission to deposit funds into the court's registry, (ECF No. 2), and the court granted the motion (ECF No. 5).

On October 30, 2018, Defendant David Eckert filed an answer. (ECF No. 9). Defendant John Eckert failed to file any response and Plaintiff moved for entry of default against him. (ECF No. 13). On January 10, 2019, the clerk entered default against Defendant John Eckert. (ECF No. 14).

On February 6, 2019, Plaintiff and Defendant David Eckert filed the presently pending motions. (ECF No. 15; ECF No. 16). On March 12, 2019, Plaintiff filed a Statement Noting Death of a Party. (ECF No. 17). The Statement indicated that Defendant John Eckert "died on or about February 11, 2019[]" and that Plaintiff's counsel "spoke with Hazel Eckert, believed to be the wife and widow [of Defendant John Eckert], who confirmed his death[.]" (*Id.* at 1).

**III. Analysis**

Plaintiff's Statement regarding Defendant John Eckert complicates the status of this case and requires the court to

3

consider the possible substitution of the estate of Defendant John Eckert. Moreover, it is not clear what the effect of the death or substitution will be on the interpleader action.

Federal Rule of Civil Procedure 25 addresses substitution of parties. Rule 25(a) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner.

The Fourth Circuit requires personal service[2] of the suggestion of death on a deceased party's successor or representative. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985). When the identity of the successor or representative is unknown, the serving party generally must "determine whom to serve," "rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action." *Fariss*, 769 F.2d at 962. "Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is

---

[2] Mailing to deceased Defendant John Eckert care of his widow is not sufficient.

4

aware of the substitution requirement." *Id.* Federal courts apply this requirement to cases where, as may be the case here, the wife of the deceased party serves as the personal representative and knows of the party's death. *Id.* at 961; *Kessler v. Se. Permanente Med. Gp. of N. Carolina, P.A.*, 165 F.R.D. 54, 56–57 (E.D.N.C. 1995).

The Statement filed here does not identify Defendant John Eckert's successor or representative and was not properly served on his successor or representative. Therefore, the 90-day substitution period afforded by Rule 25(a) has not begun and Defendant John Eckert's successor or representative may move to substitute at any time. *See Farris*, 769 F.2d at 962 ("[Rule 25] imposes no time limit for the substitution other than that commenced by proper service of a suggestion of death upon the record.").

The court cannot adjudicate the pending motions until the parties address the issues of service and substitution. Moreover, an additional issue arises if the parties or Defendant John Eckert's successor or representative do not move for substitution after receiving proper service of the Statement. In such a scenario, "the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1). If the court dismisses John Eckert from the case, then the present interpleader action

may no longer be appropriate absent the presence of two adverse claimants.

**IV. Conclusion**

For the foregoing reasons, the motion for entry of default judgment and release of funds filed by Defendant David Eckert, (ECF No. 15), and the motion for order of interpleader, attorney's fees and costs, discharge from further liability, and permanent injunction filed by Plaintiff, (ECF No. 16), will be denied without prejudice. The remaining parties are directed to file a status report within 28 days as to how they plan to proceed. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
